**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSHUA LEE PARKHURST, ) | |
| ) Plaintiff, ) | Case No. 2:16-cv-01441-RFB-NJK |
| vs. ) | **ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |
| UNITED STATES OF AMERICA, ) | (Docket Nos. 1, 1-1) |
| ) Defendant. ) | |

Pending before the Court is Plaintiff's application to proceed in this action *in forma pauperis*. Docket No. 1-1 at 16-20. Plaintiff is currently incarcerated in the Federal Correctional Institute - Butner, NC. *Id*. at 16. Prisoners seeking to proceed in a case *in forma pauperis* must submit an affidavit including a statement of all assets he possesses, as well as a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a).

In this instance, Plaintiff's application fails to include the required affidavit, Financial Certificate, or trust fund account statement. *See* Docket No. 1-1 at 16-20. Accordingly, the application to proceed *in forma papueris* is deficient.

Additionally, a properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than

1  labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*,
2  129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept
3  as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply
4  to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported
5  only by conclusory allegations, do not suffice. *Id.* at 1949.  Secondly, where the claims in the complaint
6  have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550
7  U.S. at 570.

8  Plaintiff's complaint, Docket No. 1, fails to comply with Rule 8 and, additionally, some of the facts alleged by Plaintiff appear to have occurred outside the District of Nevada; therefore, Plaintiff fails to demonstrate that venue lies in the District of Nevada for all of his claims.  Accordingly, his complaint is dismissed with leave to amend.

12  Based on the foregoing, **IT IS ORDERED** that:

13  1. Plaintiff's application to proceed *in forma pauperis* is hereby **DENIED** without prejudice.
14  2. Plaintiff shall file a renewed application to proceed *in forma pauperis*, accompanied by a signed, completed financial certificate and a certified statement from his inmate trust account for the previous six months.
17  3. The Clerk of the Court shall send Plaintiff a blank application form for *pro se* litigants who are incarcerated.
19  4. In the alternative, Plaintiff shall make the necessary arrangements to pay the filing fee of $400, accompanied by a copy of this Order.
21  5. Plaintiff's complaint is dismissed with leave to amend. Docket No. 1.  Plaintiff may file an Amended Complaint, if he believes he can correct the noted deficiencies.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete.  This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any

function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

6. Plaintiff shall have until **July 29, 2016**, to comply with this Order in full.
7. Failure to comply with any portion of this Order will result in a recommendation to the district judge for dismissal of this action.

Dated: June 29, 2016.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE